UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALVEDA NELSON,

               Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

               Defendant.

CASE NO. 13-cv-05525 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 7; Consent to Proceed Before a United States Magistrate Judge, ECF No. 10). This matter has been fully briefed (*see* ECF Nos. 16, 18, 19).

After considering and reviewing the record, the Court finds that the ALJ erred in his evaluation of the medical evidence. Specifically, he failed to discuss significant

probative evidence from plaintiff's speech therapist, which not only affects the ultimate nondisability determination, but also affects the ALJ's analysis of medical opinions that were not credited by the ALJ.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

<u>BACKGROUND</u>

Plaintiff, ALVEDA NELSON, was born in 1964 and was 42 years old on the alleged date of disability onset of September 1, 2007 (*see* Tr. 12, 131, 135). Plaintiff completed high school (Tr. 56).   Plaintiff has work experience as a maintenance technician and has worked as a food service specialist while in the Army (Tr. 225). Plaintiff was working as a building maintenance repairer when she was injured on the job (Tr. 63, 1322).  She later returned to work as a home detailer but was terminated because of too many work absences in order to attend doctor appointments and because she was not able to do all aspects of the job (Tr. 48-49, 57-58).

Plaintiff has at least the severe impairments of "scoliosis of the thoracic spine, degenerative disk disease of the lumbar and cervical spine, mood disorder, and generalized anxiety disorder with panic attacks (20 CFR 404.1520(c) and 416.920(c))" Tr. 14). At the time of the hearing, plaintiff was living in a house with her partner (Tr. 47-48).

<u>PROCEDURAL HISTORY</u>

On August 17, 2009 plaintiff filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI")

benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr. 131-134, 135-138). The applications were denied initially and following reconsideration (Tr. 74-75, 76-77). Plaintiff's requested hearing was held before Administrative Law Judge Robert Kingsley ("the ALJ") on September 15, 2011 (*see* Tr. 39-72). On November 21, 2011, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 9-32).

On April 25, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in June, 2013 (*see* ECF No. 1). Defendant filed the sealed administrative record regarding this matter ("Tr.") on September 9, 2013 (*see* ECF Nos. 13, 14).

In plaintiff's Opening Brief, plaintiff contends the following: (1) the ALJ erred by failing to credit fully medical opinions from Dr. Dahmer-White and from Dr. Tognazzini; (2) the ALJ erred by assigning great weight to the opinion of non-examining consultant, Dr. William Lysak; (3) the opinion provided by Dr. Michael Friedman cannot be substantial evidence for rejecting plaintiff's cognitive limitations because his examination is cursory and conflicts with objective evidence provided by plaintiff; (4) the ALJ erred by failing to mention the opinion evidence provided by plaintiff's speech therapist; (5) plaintiff's residual functional capacity ("RFC") erroneously fails to include plaintiff's limitations with respect to fine motor strength; (6) the RFC was not applied properly by the ALJ in his written decision; and (7)  the ALJ's step five finding regarding other work

that plaintiff could perform is flawed by the ALJ's failure to credit plaintiff's cognitive

difficulty in processing and her reduced grip strength and fine motor coordination (*see*

ECF No. 16, pp. 10-24).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social

Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on

the fifth and final step of the sequential disability evaluation process. *See Bowen v.*

*Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). Pursuant to 42 U.S.C. § 405(g), this Court

may set aside the Commissioner's denial of social security benefits if the ALJ's findings

are based on legal error or not supported by substantial evidence in the record as a whole.

*Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161

F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a

preponderance, and is such "'relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.

1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

## DISCUSSION

### 1.  Whether or not the ALJ erred by failing to discuss medical evidence provided by plaintiff's speech therapist.

Plaintiff contends that the objective evidence and opinion evidence provided by

her speech therapist is "significant probative evidence," which cannot be rejected without

explanation." *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*

*v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700,

706-07 (3d Cir. 1981))). An "ALJ's written decision must state reasons for disregarding [such] evidence." *See Flores, supra*, 49 F.3d at 571. Here, based on a review of the relevant record, as discussed more fully below, the Court concludes that the ALJ committed error by failing to mention the evidence provided by plaintiff's speech therapist.

Ms. Hollylu Coon, MS, CCC/SLP, speech therapist, examined plaintiff on December 6, 2010 (*see* Tr. 1392-97).  She noted plaintiff's report of a concussive head injury on January 14, 2003 and plaintiff's report of "ongoing physical and emotional issues since time of accident that have precluded returning to work" (*see* Tr. 1393). Ms. Coon conducted numerous objective tests, such as the Babcock Story Recall Test, which demonstrated: "impairment indicated" (*see id.*).

In addition to noting objective evidence, such as plaintiff's test results, Ms. Coon provided her assessment as follows: "[Plaintiff] presents with mild-moderate memory impairment. However, there was evidence of mild-moderate deficits in attention, complex reasoning, and task analysis/organization" (*id.)*. Ms. Coon additionally provided a recommended plan of treatment, including "that patient participate in short term skilled speech intervention to complete cognitive testing, develop compensatory techniques, provide a venue for structured practice of complex attention (and executive function tasks as needed), and develop home program activities for patient to work on independently during and after skilled intervention is completed" (*id.*).

Ms. Coon provided her opinion regarding specific functional level of limitations of plaintiff (*see* Tr. 1393-94). Ms. Coon specifically assessed that plaintiff's functional

1  cognitive limitations with respect to memory were moderate and with respect to

2  executive function were mild to moderate (*see* Tr. 1394). This is significant probative

3  evidence, which was rejected without explanation.

4      Defendant contends that the evidence provided by Ms. Coon was substantially

5  similar to that provided by plaintiff's own allegations, therefore the objective evidence

6  provided by Ms. Coon, and her opinions, need not have been discussed by the ALJ.

7  However, based on the relevant record, including the examination record detailed by the

8  Court above, and the other examination reports from Ms. Coon, the Court does not agree

9  with defendant's contention.

10     First, Ms. Coon included in her report test results based on a psychological

11  (Babcock) test, providing an objective basis for plaintiff's complaints (*see* Tr. 1393).

12  Such evidence is not duplicative of the evidence provided by plaintiff's subjective

13  allegations and testimony. Similarly, although Ms. Coon's assessment of plaintiff's

14  functional difficulties with respect to attention and memory may be similar to plaintiff's

15  assessment of her difficulties, Ms. Coon additionally provided a detailed plan of

16  treatment, thus providing further insight to plaintiff's particular functional difficulties

17  (*see id.*). Although defendant offers other reasoning that was not offered by the ALJ in

18  his written decision, according to the Ninth Circuit, "[l]ong-standing principles of

19  administrative law require us to review the ALJ's decision based on the reasoning and

20  actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit

21  what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219,

22  1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other

citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196).

The Court concludes that the ALJ erred in failing to review the examination report and opinion by plaintiff's speech therapist, Ms. Coon. The Court also concludes that this error is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Here, the ALJ's failure to discuss the significant, probative evidence provided by the report of plaintiff's speech therapist, Ms. Coon, is not irrelevant to the ultimate nondisability determination. The vocational expert, on whose testimony the ALJ relied when making his step five determination, at which defendant carries the burden, did not

testify that plaintiff could perform the identified jobs if in addition to her need to stretch every twenty minutes, she also had diminished abilities in concentration and memory. As pointed out by plaintiff, the vocational expert in this matter herein testified specifically that even if someone such as plaintiff is limited to simple, repetitive, and routine tasks, she nevertheless could not maintain regular employment if she could not maintain attention and focus at least 80-85% of the workday (*see* Tr. 70-71).

Furthermore, based on objective testing, Ms. Coon opined that plaintiff suffered from mild to moderate limitations in attention and memory, opinions similar to those opinions from acceptable medical sources that were rejected by the ALJ in his written opinion (*see, e.g.*, Tr. 1372 (test results with Dr. Laura Dahmer-White, Ph.D. indicated "problems with sustained attention and vigilance); Tr. 1373 ("Recognition recall was significantly impaired"); Tr. 1515-50 (multiple "OBJECTIVE" Mental Status reports of memory or thought process difficulties); *see also* Tr. 1555 (opinion from Dr. Vanraj Varu, M.D., that plaintiff demonstrated "impaired concentration" on her mental status examination)). This provides additional rationale as to why the error in failing to discuss the corroborating opinion and objective test results obtained by plaintiff's speech therapist is not harmless error. The ALJ did not credit fully the opinions of cognitive limitations from plaintiff's acceptable medical sources into plaintiff's RFC or in his hypothetical to the vocational expert at step five.

For these stated reasons, and based on the relevant record, the Court concludes that the ALJ's error in failing to discuss the other medical evidence provided by Ms. Coon is not harmless error and her examination reports should be evaluated explicitly

following remand of this matter. Similarly, the Court concludes that the failure to discuss the other medical evidence provided by Ms. Coon affects the review of the medical evidence from the acceptable medical sources, and hence, the medical evidence from such sources also should be evaluated anew following remand of this matter.

**2. If the RFC was not applied properly by the ALJ in his written decision.**

The Court already has concluded that the evidence provided by Ms. Coon, plaintiff's speech therapist, must be evaluated anew following remand of this matter, as should the evidence provided by acceptable medical sources, *see supra*, section 1. Therefore, the Court will not discuss in detail the remainder of plaintiff's arguments. However, the Court notes that limitations found by the ALJ assigned to this matter following remand, such as a limitation against public contact, as found by the ALJ in plaintiff's RFC here, should be included explicitly into any hypothetical presented to a vocational expert that is relied on in the final steps of the disability evaluation process.

**3. Whether this matter should be reversed and remanded with a direction to award benefits or remanded for further administrative proceedings.**

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*,

211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292

(9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292.

The ALJ erred in failing to discuss the significant, probative evidence provided by

plaintiff's speech therapist, but such evidence does not demonstrate conclusively that

plaintiff is disabled. Furthermore, the decision whether to remand a case for additional

evidence or simply to award benefits is within the discretion of the court. *Swenson v.*

*Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d

1396, 1399 (9th Cir. 1988)).

The ALJ is responsible for determining credibility and resolving ambiguities and

conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)

(*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). If the medical evidence

in the record is not conclusive, sole responsibility for resolving conflicting testimony and

questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing*

*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

//

//

CONCLUSION

The ALJ erred in failing to discuss the significant, probative evidence provided by plaintiff's speech therapist, and this evidence, as well as the medical evidence as a whole, should be evaluated anew following remand, especially as it relates to plaintiff's cognitive limitations, and how such limitations interact with her physical limitations. Alleged limitations with respect to fine motor coordination and grip strength should be evaluated explicitly following remand of this matter.

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 15th day of April, 2014.

J. Richard Creatura
United States Magistrate Judge

ORDER ON PLAINTIFF'S COMPLAINT - 11